IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
ENTERED

MAR 0 8 2011

David J. Bradley, Clerk of Court

| | | |
|---|---|---|
| MICHAEL ANGEL LUGO | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. B-10-137 |
| | § | |
| SEARS, ROEBUCK & CO., | § | |
| RODIMIRO CANTU, AND | § | |
| ANNA RODRIGUEZ, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

BE IT REMEMBERED, that on March 8, 2011, the Court **GRANTED** Plaintiff's Motion to Remand, Dkt. No. 4.

### I. Background

Plaintiff Michael Angel Lugo initiated this lawsuit by filing his Original Petition in the 357th Judicial District Court of Cameron County, Texas, on September 11, 2009. Dkt. No. 4 ¶ 8. He alleged that Defendant Sears, Roebuck & Co. (Sears) discriminated against him on the basis of disability in violation of the Texas Labor Code when it terminated him in November of 2008.[1] *See* Orig. Pet at 6–8, Dkt. No. 1 Ex. 3.[2] He also pleaded intentional infliction of emotional distress and defamation causes of action against Sears employees Rodimiro Cantu and Anna Rodriguez, but he has abandoned his intentional infliction of emotional distress claim. *See* Pl.'s Mot. to Remand 4 n.2, Dkt. No. 4. Sears removed this case, contending that

---

[1] Lugo's petition states that Sears investigated him in September and October of 2009 and terminated him in November of 2008. Dkt. No. 1 Ex. 3 ¶ 4.2. It also states that the hearing before the Texas workforce commission took place in February of 2009. *Id.* ¶ 4.4. Because Lugo's original petition was filed on September 11, 2009, the Court infers that these dates are the product of a scrivener's error.

[2] The attachment filed in the electronic case file, Dkt. No. 1 Ex. 3, contains several independently-paginated documents. Plaintiff's Original Petition begins on page 17 of 31.

1

Cantu and Rodriguez were improperly joined and complete diversity between Lugo and Sears existed. *See* Notice of Removal ¶ 12, Dkt. No. 1 (citing 28 U.S.C. § 1332). Plaintiff moves to remand this case and for an award of his costs and attorney fees. Dkt. No. 4.

In support of his defamation causes of action against Cantu and Rodriguez, Lugo asserts that "[i]n November 2008 and February 2009, Defendants Cantu and Rodriguez, their agents, servants, employees and/or representatives made defamatory statements concerning Plaintiff which they knew or should have known were false at the times made." Orig. Pet. ¶ 9.1. According to his Original Petition, Lugo worked as a stocker for Sears, and a back injury forced him to take frequent breaks. *Id.* ¶ 4.0 [sic]. He avers that Cantu and Rodriguez terminated him for dishonest conduct, i.e., inappropriately issuing a rain check, as a pretext for disability discrimination. *See id.* ¶ 4.2. Lugo applied for unemployment compensation benefits, and a hearing was held in February of 2009 before the Texas Workforce Commission. *See id.* ¶ 4.4. Lugo alleges that Cantu and Rodriguez repeated their dishonest conduct allegations at that hearing. *See id.* Lugo also alleges that he was forced to self publish Cantu's and Rodriguez's allegations when he sought work at other retail stores such as Radio Shack and Lowes. *See id.* ¶ 9.1.

Sears removed this case on July 9, 2010, asserting that it ascertained that Cantu and Rodriguez were improperly joined as defendants in order to defeat diversity jurisdiction when it took Lugo's deposition on June 3, 2010. Notice of Removal 2. Sears contends that Lugo's testimony establishes that the only allegedly defamatory statements of which Lugo complains were made at the Texas Workforce Commission hearing. *See id.* ¶ 22. Because Texas law privileges statements made at Texas Workforce Commission hearings against defamation claims, Sears argues that Lugo cannot recover against Cantu and Rodriguez, and complete diversity of citizenship between Lugo, a Texas resident, and Sears, which the parties apparently agree is a

New York resident for diversity purposes, exists supporting federal jurisdiction under 28 U.S.C. § 1331.

## II. Improper Joinder Standard

A removed case may be remanded "on the basis of any defect" if a motion to remand is made "within 30 days after the filing of the notice of removal . . . ." 28 U.S.C.A. § 1447(c) (2011). The removal statute must be strictly construed and any doubts must be resolved in favor of remand. *Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 281–82 (5th Cir. 2007).

The party seeking removal has the burden of establishing the existence of federal subject-matter jurisdiction. *Garcia v. Koch Oil Co. of Tex., Inc.*, 351 F.3d 636, 638 (5th Cir. 2003) (citations omitted). In its Notice of Removal, Sears invokes federal diversity jurisdiction under 28 U.S.C. § 1332 and claims that Cantu and Rodriguez were improperly joined as defendants.[3] A removing party may establish improper joinder of a non-diverse party to defeat diversity jurisdiction in one of two ways: "(1) actual fraud in the plaintiff's pleading of jurisdictional facts, or (2) inability to establish a cause of action." *Kling Realty Co., Inc. v. Chevron USA, Inc.*, 575 F.3d 510, 513 (5th Cir. 2008) (quoting *Campbell v. Stone Ins., Inc.*, 509 F.3d 665, 669 (5th Cir. 2007)). In its Notice of Removal, Sears makes no argument that any jurisdictional facts have been fraudulently pleaded, and the Court will analyze only the second prong. *See id.* at 514 n.4 (analyzing only second prong because removing defendant did not make any arguments concerning first prong).

To show improper joinder based on an inability to establish a cause of action, a removing party must shoulder a "heavy burden" to "demonstrate[] that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis

---

[3] The parties sometimes use the term "fraudulent joinder" to describe the allegations, but the term "improper joinder" more accurately characterizes this doctrine. *See Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 571 n.1 (5th Cir. 2004) (en banc).

for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004) (en banc); *see also, e.g., Kling Realty*, 575 F.3d at 514 (citations omitted). This inquiry ordinarily resembles the analysis used to decide a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), and, ordinarily, if a claim against a non-diverse defendant withstands scrutiny under a 12(b)(6)-type analysis, there is no improper joinder. *See Smallwood*, 385 F.3d at 573. However, "[t]here are cases, hopefully few in number, in which a plaintiff has stated a claim, but has misstated or omitted discrete facts that would determine the propriety of joinder. In such cases, the district court may, in its discretion, pierce the pleadings and conduct a summary inquiry." *Id.* (footnote omitted); *see also Larroquette v. Cardinal Health 200, Inc.*, 466 F.3d 373, 376 (5th Cir. 2006). If a district court exercises its discretion to pierce the pleadings and conduct a summary inquiry, it "must also take into account all unchallenged factual allegations, including those alleged in the complaint, in the light most favorable to the plaintiff." *Campbell*, 509 F.3d at 669 (quoting *Ross v. Citifinancial, Inc.*, 344 F.3d 458, 461 (5th Cir. 2003)).

### III. Discussion

According to Sears, this action first became removable when it received a copy of the transcript of Lugo's June 3, 2010, deposition. *See* Dkt. No. 1 ¶ 7; *see also* 28 U.S.C. § 1446(b). Sears contends that Lugo's testimony established that all of Cantu's and Rodriguez's allegedly defamatory statements were made in a hearing before the Texas Workforce Commission and were therefore privileged against a defamation claim. *See* TEX. LAB. CODE ANN. § 301.074 (Vernon 2009). Lugo first argues that Sears was aware of all of the facts revealed in his testimony because his testimony was consistent with discovery responses provided to Sears. That is, Lugo argues that discovery responses served more than 30 days before this case was removed were an "other paper" from which removability of this action could

be ascertained and that Sears removed this case too late under the second paragraph of 28 U.S.C. § 1446(b).[4]  Lugo also argues that, at most, his deposition testimony established that some defamatory statements were made at the Texas Workforce Commission hearing and that, even if all such allegedly defamatory statements are privileged, he may still prevail under a self-publication theory. *See generally* Dkt. No. 4 at 4–5.

None of the parties addresses the appropriateness of piercing the pleadings to decide whether Cantu and Rodriguez were improperly joined. As already explained, a pierce-the-pleadings analysis should be undertaken only to identify the presence of discrete and undisputed facts that would preclude plaintiff's recovery against the in-state defendant." *Smallwood*, 385 F.3d at 573–74. Examples of such discrete and undisputed facts include a doctor who did not treat a patient, a pharmacist who did not fill a prescription, a contractor who had no connection to the distillery which exploded, or "any other fact that easily can be disproved if not true." *Id.* at 574 n.12 (citing *Travis v. Irby*, 326 F.3d 644, 648–49(5th Cir. 2003)); *Guillory v. PPG Indus., Inc.*, 434 F.3d 303, 310 (5th Cir. 2005).

Sears does not contend that Lugo has failed to state a claim. The Court must therefore determine whether the petition misstates or excludes discrete facts that would preclude recovery against the in-state defendants. *See Smallwood*, 385 F.3d at 574–75; *see also McGilbert v. Safeco Ins. Co. of Ind.*, Civ. A. No. H-10-514, 2010 WL 1633353, at *4 (S.D. Tex. Apr. 22, 2010) ("only if the complaint lacks sufficient facts to demonstrate a reasonable possibility of recovery should the court look to summary judgment type evidence.").

According to Sears, Lugo's June 3, 2010, deposition "narrowed Plaintiff's defamation claim from two instances (in the Original Petition) to

---

[4] Lugo also argues that the date on which he was deposed rather than the date on which the transcript of his deposition was received should be used to determine when the 30-day period in 28 U.S.C. § 1446(b) begins to run.

one instance that was absolutely privileged." Resp. to Mot. to Remand 7, Dkt. No. 5. In his Original Petition, Lugo averred that Cantu and Rodriguez made defamatory statements after concluding their investigation in November of 2008 and again in connection with Lugo's application for unemployment benefits in February of 2009. *See* Orig. Pet. ¶ 4.2, Dkt. No. 4 Ex. E. Sears, therefore, asserts that it is a discrete and undisputed fact that Cantu and Rodriguez made no unprivileged defamatory statements in November of 2008. Dkt. No. 5 at 3.

This factual question – whether or not statements were made at all at a particular time – requires a sufficiently discrete inquiry to merit piercing the pleadings. *See Smallwood*, 385 F.3d at 574 & n.12. While sufficiently discrete, this factual assertion has been disputed by Lugo since this case was removed. *See* Mot. to Remand 11 n.7. Sears cites the following exchanges from Lugo's June 3, 2010, deposition to establish this cases' removability:

> Q: *To your knowledge*, did Mr. Cantu state that you were being dishonest to anyone other than the hearing officer at the TWC?
> A: Not that I know of.
> * * *
> Q: Did Ms. Rodriguez tell anyone else that you falsified documents, other than the hearing officer of the Texas Work Force Commission?
> A: Not that I know of.
> * * *
> Q: So *to your knowledge*, any defamatory statements that were made were made to the hearing officer of the Texas Workforce Commission?
> * * *
> Q: Is that Correct?
> A: Correct.

Dkt. No. 1 Ex. 2 at 188:20–23, 189:3–6, 190:14–19 (emphasis added). Sears's counsel qualifies two of these questions with the phrase "[t]o your knowledge." *Id.* at 188:20, 190:14. Lugo's answer to the other question also

contains an equivocation concerning Lugo's personal knowledge. *See id.* ("Not that I know of.").

At most the above-quoted deposition excerpts demonstrate that Lugo has no personal knowledge of any defamatory statements made during November of 2008, but these excerpts do not establish that no such statements were made. To survive summary judgment, a defamation plaintiff who has no personal knowledge of defamatory statements must produce more than conclusory allegations that he or she believes defamatory statements were made. *E.g., Abbott v. Pollock*, 946 S.W.2d 513, 520 (Tex. Ct. App.-Austin 1997, pet. denied) (holding affidavits stating that plaintiffs believed defamatory statements were made did not create fact issue and survive summary judgment when plaintiffs had no personal knowledge of statements). Thus, Sears has shown that Lugo will likely need to go beyond his June 3, 2010, deposition testimony to survive summary judgment on his defamation claims against Cantu and Rodriguez.

However, Lugo still has a reasonable possibility of recovery on his defamation claims. Texas law privileges employers' communications made in the course of an investigation after a report of employee wrongdoing "as long as communications pass only to persons having an interest or duty in the matter to which the communications relate." *Randall's Food Mkts, Inc. v. Johnson*, 891 S.W.2d 604, 646 (Tex. 1995) (citing *Sw. Bell Tel. Co. v. Dixon*, 575 S.W.2d 596, 599 (Tex. Civ. App.-San Antonio 1978)); *accord. Frakes v. Crete Carrier Corp.*, 579 F.3d 426, 430 (5th Cir. 2009).

Plaintiffs sometimes unearth evidence of previously-unknown defamatory statements during discovery. In *Richard Rosen, Inc. v. Mendivil*, 225 S.W.3d 181, 196 (Tex. App.-El Paso 2005), for example, a plaintiff produced evidence which a jury believed showed that a corporate agent falsely told two other company managers that the plaintiff had been fired. *See id.* The plaintiff did not overhear these statements. *See id.* Instead, he unearthed them during depositions of managers and members of the

community who heard them. *See id.* Because these two managers did not supervise the plaintiff and the statements were made months after the plaintiff left the company, the *Richard Rosen* court held that the evidence was sufficient to permit a jury to conclude that one of the managers did not have an interest or duty concerning the investigation when the defamatory statements were made. *Id.*

Like the *Richard Rosen* plaintiff, Lugo may also unearth evidence of unprivileged defamatory statements of which he does not have personal knowledge. Axiomatically, one cannot hear what is said outside of one's hearing. Once terminated and escorted off the premises, an employee may not hear subsequent defamatory statements made about him by his former supervisors and coworkers, but that does not mean that he has no possibility of recovery in a defamation action. Instead, it means he must unearth any such statements in discovery. *See Richard Rosen*, 225 S.W.3d at 196. Sears does not claim that Cantu and Rodriguez made no statements about Lugo in November of 2008.[5] While Lugo's admission may damage his case, it has not delivered a *coup de gras*.

The Court finds that Lugo's June 3, 2010, deposition does not establish the presence of discrete and undisputed facts which would preclude recovery on Lugo's defamation claims against Cantu and Rodriguez. Consequently, Sears has failed to meet its heavy burden to show that Lugo has no reasonable possibility of recovery against Cantu and Rodriguez. The Court does not, therefore, reach the parties' other arguments.

### IV. Costs and Fees

Lugo asks the Court to award his costs and attorney fees under 28 U.S.C. § 1447(c), which provides that an order remanding a case "may require payment of just costs and any actual expenses, including attorney fees,

---

[5] The Court expresses no opinion on how, if at all, such allegations would alter the improper joinder analysis.

incurred as a result of the removal." Award of attorney fees under Section 1447(c) falls within a district court's discretion, but, "[a]bsent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). "Conversely, when an objectively reasonable basis exists, fees should be denied." *Id.*

Considering Sears's arguments as a whole, the Court finds that an objectively reasonable basis for removing this matter existed and therefore declines to award attorney fees under Section 1447(c).

### V. Conclusion

For the foregoing reasons, the Court **GRANTS** Plaintiff Michael Angel Lugo's Motion to Remand. Dkt. No. 4. The Court **ORDERS** this case **REMANDED** to the 357th Judicial District Court of Cameron County, Texas. The District Clerk is instructed to close this case.

DONE at Brownsville, Texas, on March ___8___ 2011.

Hilda G. Tagle
United States District Judge